IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| ROY SULLIVAN, § | | |
| § | | |
| *Plaintiff*, § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| SIEMENS GENERATION SERVICES § | | |
| COMPANY, MIKE HINES, Individually, § | | |
| and in his official capacity as business agent § | | |
| for Millwrights Local 729; and DAVID § | | |
| BONDS, Individually and in his official § | | |
| capacity as president and nuclear § | | |
| representative for Millwrights Local 1421, § | | |
| § | | |
| *Defendants*. § | | |
| § | | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants Siemens Generation Services Company ("SGSC"), Mike Hines ("Hines") and David Bond ("Bond") file this Joint Notice of Removal of the above-captioned civil action, filed against it by Plaintiff Roy Sullivan, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, on the basis of the following facts, which demonstrate the existence of federal question subject matter jurisdiction in this Court.:

### I.   BACKGROUND

1. On July 26, 2021, Plaintiff Roy Sullivan ("Plaintiff") filed his Petition For Damages ("Petition") in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, styled *Roy Sullivan v. Siemens Generation Services Company, et. al.,* Suit Number C-710009 SEC. 29, a copy of which is attached as Exhibit A.

2. Defendants Hines and Bonds were served with a copy of Plaintiff's Petition via certified mail on August 2, 2021 and August 6, 2021 respectively. On August 11, 2021, Defendants

Bonds and Hines filed a Motion and Order for Extension of Time to Plead, requesting a thirty-day extension of time, until September 13, 2021, to answer or response to Plaintiff's Petition, which was granted by the Court on August 12, 2021. (Exhibit B).

3. On August 5, 2021, Plaintiff served a copy of his Petition on SGSC. (Exhibit C). Accordingly, removal is timely under 28 U.S.C. § 1446(b).

4. Plaintiff's Petition alleges, *inter alia*, that SGSC unlawfully retaliated against him for filing a racial discrimination lawsuit against SGSC in 2018 in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). *See* Petition at ¶¶ 3-4.

5. Plaintiff's Petition also asserts state law negligence claims against individual Defendants Hines and Bonds based upon Plaintiff's claim that Defendants Hines and Bonds' alleged failure to defend and protect Plaintiff against SGSC's alleged unlawful retaliation.

6. A true and correct copy of all pleadings filed in the state court are attached as Exhibits A and B.

## II. GROUNDS FOR REMOVAL

7. This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1331 because a federal question under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), appears on the face of Plaintiff's Petition.

8. To the extent Plaintiff's Petition also alleges statutory, state common law, or other nonfederal claims, this Court may assert supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Title VII and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### III. REMOVAL IS PROPER

9. Removal is proper because Plaintiff's retaliation claims are based on a federal question by asserting a retaliation claim under Title VII. Thus, SGSC may remove this action to the Middle District of Louisiana pursuant to 28 U.S.C. § 1441. Removal is proper for Hines and Bonds, as the purported state law claim against them is that they did not fairly represent the plaintiff. Claims of the violation of the duty of fair representation are federal claims, and state law claims of the failure to represent are preempted.

10. To the extent Plaintiff's Petition also alleges statutory, state common law, or other nonfederal claims, this Court may assert supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Title VII and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

11. Removal is proper as to all of Plaintiff's claims because all Defendants have joined and consent to the removal of this action. 28 U.S.C. § 1444(b)(2)(A).

### IV. VENUE IS PROPER

12. The United States District Court for the Middle District of Louisiana embraces the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, the court in which the state court action is now pending. Therefore, this Court is a proper venue for this action under 28 U.S.C. § 1441(a).

### V. REMOVAL IS TIMELY

13. Hines was served with Plaintiffs Petition on August 2, 2021. Bonds was served with Plaintiff's Petition on August 6, 2021. SGSC was served with Plaintiff's Petition on August 5, 2021. (Exhibit C).

14. This Notice of Removal is filed within thirty (30) days of the date the Defendants were each served with notice of Plaintiff's lawsuit. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## VI.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

15. Pursuant to 28 U.S.C. § 1446(d), Defendants are promptly filing written notice of filing and a true and complete copy of this Notice of Removal with the clerk of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and is serving Plaintiffs with copies of the same.

## VII.   PRAYER

WHEREFORE, Defendants request that this Notice of Removal be deemed good and sufficient, that Plaintiff's Petition removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana to this Court, and that this action be placed on the Court's docket for further proceedings as though it had originated in this Court.

Dated: August 19, 2021

By: /s/*Ashlee Cassman Grant*
BAKERHOSTETLER LLP
Ashlee Cassman Grant
Louisiana Bar No. 33052
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751.1600
Fax: (713) 751.1717
agrant@bakerlaw.com

ATTORNEY FOR DEFENDANT SIEMENS GENERATION SERVICES COMPANY

Louis L. Robein
Louisiana Bar No. 11307
2540 Severn Avenue, Suite 400
Metairie, LA 70002
Lrobein@ruspclaw.com
ATTORNEY FOR DEFENDANTS MIKE HINES AND DAVID BONDS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 19, 2021, a true and correct copy of the foregoing was served via ECF on all counsel of record.

| | |
|---|---|
| Elton Heron<br>37218 Audubon Park Avenue<br>Geismar, LA 70734<br>(504) 723-8782 | Louis L. Robein<br>2540 Severn Avenue, Suite 400<br>Metairie, LA 70002<br>lrobein@ruspclaw.com |
| Attorney for Roy Sullivan | Attorney for Mike Hines and David Bonds |

                                          /s/ *Ashlee Cassman Grant*
                                          Counsel