UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY SULLIVAN                                                                                      CIVIL ACTION

VERSUS

SIEMENS GENERATION SERVICES                              NO. 21-00479-BAJ-SDJ
COMPANY, ET AL.

### RULING AND ORDER

In this employment action, Plaintiff is pursuing claims of retaliatory discharge against his former employer, Defendant Siemens Generation Services Company ("Siemens"), alleging that he was unlawfully fired for having "filed a [prior] federal lawsuit against Siemens ... based on racial discrimination." (Doc. 1-1 at ¶ 4).[1]

Additionally, Plaintiff's Petition names two individual Defendants: Mike Hines, the Business Agent for Louisiana Millwright Local 729 (Plaintiff's union); and David Bonds, President and Nuclear Representative of Louisiana Millwright Local 1421 (collectively, the "Union Defendants"). Against these Defendants Plaintiff pursues "state law negligence claims," alleging that Mr. Hines and Mr. Bonds failed to "vindicate [Plaintiff's] rights" against Siemens, thereby breaching duties "to defend and protect" Plaintiff from adverse employment actions. (*See id.* at ¶¶ 12, 15).

Now Mr. Hines and Mr. Bonds seek dismissal of Plaintiff's "state law negligence claims," arguing that they are "wholly preempted" by federal labor law,

---

[1] Plaintiff's prior lawsuit against Siemens was also adjudicated in this District, under the caption *Roy Sullivan v. Siemens Generation*, No. 18-cv-00748-JWD-SDJ. On May 6, 2020, this earlier action was dismissed with prejudice after Plaintiff failed to oppose Siemens's motion for summary judgment.

1

which "is well-settled that union officers or agents are not personally liable ... for acts performed on the union's behalf in connection with their representation of member-employees." (Doc. 8-1 at 3, 5).[2] Plaintiff opposes the Union Defendants' motion, arguing merely that his negligence claims are not preempted by federal law because they arise from duties set forth in the Local 729's bylaws. (Doc. 13 at 2-3).

The Court is not persuaded by Plaintiff's position. Regardless of what duties or obligations may be set forth in the Local 729's bylaws, Plaintiff's allegations against Mr. Hines and Mr. Bonds plainly reduce to a claim of unfair representation. Such claims arise from and are governed by the federal labor laws. *In re Carter*, 618 F.2d 1093, 1104 (5th Cir. 1980) ("The duty of fair representation is an independent statutory duty that arises from the union's position as exclusive bargaining agent under sections 8 and 9 of the labor laws."); *accord Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 938 (4th Cir. 1991). And although the federal labor laws allow employees to pursue unfair representation claims against the union itself, such claims expressly may *not* be pursued against individual *members* of the union, including union officers. *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 247–48 (1962) ("When Congress passed [§ 301 of the Labor Management Relations Act], it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy."); *Ramsey*

---

[2] Additionally, the Union Defendants argue that Plaintiff's claims are time-barred by the 6-month limitations period set forth at section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). (Doc. 8 at 3-5). The Court does not reach this argument because regardless of the timeliness of Plaintiff's claims, Mr. Hines and Mr. Bonds plainly are not proper parties to this action (for reasons explained below).

*v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980) ("As [section] 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152, makes clear, the Act was not designed to impose personal liability on employees of corporate organizations."); *see also Williams v. Nat'l Ass'n of Letter Carriers of U.S.*, 35 F.3d 575, 1994 WL 461277 at *1 (10th Cir. 1994) ("[I]t is clear that individual union members are not liable for a union's breach of its duty of fair representation, and that this ban also precludes claims against them framed under state law."). Thus, Mr. Hines and Mr. Bonds obviously are not proper parties to this action, and Plaintiff's claims against them must be dismissed.

Accordingly,

**IT IS ORDERED** that the **Joint Motion To Dismiss Pursuant To Fed. R. Civ. Proc. 12(b)(6) (Doc. 8)** submitted by Defendants Mike Hines and David Brooks be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Mr. Hines and Mr. Bonds be and are hereby **DISMISSED WITH PREJUDICE**, and that Mr. Hines and Mr. Bonds be and are hereby dismissed from this action.

Baton Rouge, Louisiana, this 21st day of March, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA