UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY SULLIVAN                                              CIVIL ACTION

VERSUS                                                    NO. 21-479-BAJ-SDJ

SIEMENS GENERATION
SERVICES COMPANY, et al.

## ORDER

Before the Court is a Motion to Compel Plaintiff's Deposition (R. Doc. 19) filed by Defendant Siemens Generation Services Company on June 30, 2022. Siemens' Motion, which seeks an order compelling the deposition of Plaintiff Roy Sullivan, is opposed (R. Doc. 21). As set forth below, Siemens' Motion to Compel is **granted**.

In its Motion to Compel, Siemens asserts that on March 15, 2022, following a Rule 37 conference, defense counsel emailed Plaintiff's counsel, asking him "to provide three dates in which Plaintiff was available for a deposition in the month of April."[1] No dates were provided.[2] On May 19, 2022, Siemens sent a follow-up email, asking Plaintiff's counsel to provides three dates Plaintiff would be available for a deposition in the month of June and reminded counsel of the June 30, 2022 fact discovery deadline.[3] Plaintiff's counsel responded that same day saying, "I will get with my client to see what 3 dates in June will best comport with his schedule."[4] Again, no dates were provided.[5] On June 29, 2022, Siemens sent yet another email in which it asked, *inter alia*, to "[p]lease provide [dates for Plaintiff's deposition] to us ASAP."[6] In that email,

---

[1] R. Doc. 19-1 at 2; *see also* R. Doc. 19-2 at 5.
[2] *Id.*
[3] *Id.*; *see also* R. Doc. 19-2 at 4.
[4] R. Doc. 19-2 at 4.
[5] R. Doc. 19-1 at 2.
[6] R. Doc. 19-2 at 7.

Siemens also asked Plaintiff "to agree to move to extend the remaining discovery deadlines for a period of ninety days."[7] Plaintiff both refused to agree to the request for an extension and refused to provide dates for Plaintiff's deposition "beyond the discovery period."[8] Based on this response, Siemens states it "ha[d] no choice" but to file the instant Motion to Compel.[9]

In his Opposition to the Motion to Compel, Plaintiff does not challenge any of the chronology of events provided by Siemens and, in fact, specifically states that he "takes no exception to specific dates set forth within counsel for defendants' Factual Background."[10] Plaintiff does, however, "take[] great exception to the tone and slant of the narrative set forth therein."[11] Plaintiff then proceeds, inexplicably and irrelevantly, to focus his arguments solely on perceived problems with Siemens' discovery responses and production thereof, none of which are the subject of Siemens' Motion. Plaintiff never once explains why he failed to provide dates he was available to be deposed, when requests for same began in March, more than three months before expiration of fact discovery. In fact, Plaintiff's only argument relating to deposing Plaintiff is that Siemens failed to notice the deposition of Plaintiff "on a date and time of [defense counsel's choosing]" as defense counsel, via email, said she would do if Plaintiff again refused to provide available dates.[12] Because Plaintiff's deposition now necessarily would take place after the close of fact discovery, Plaintiff argues that the request is untimely.[13]

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party." *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr.*, No. 10-

---

[7] R. Doc. 19-1 at 2; *see also* R. Doc. 19-2 at 7.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 21 at 1.
[11] *Id.*
[12] *Id.* at 3-4; *see also* R. Doc. 19-2 at 4 (May 19, 2022 email from defense counsel to Plaintiff's counsel: "As our discovery deadline is June 30th, if we do not receive a response, we will be noticing Mr. Sullivan's deposition for a date and time of our choosing in the month of June.").
[13] *Id.* at 4-5.

171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts sought by the moving party is subject to examination"); *E.E.O.C. v. Greater Metroplex Interiors, Inc.*, No. 08-1362, 2009 WL 412934, at *1 (N.D. Tex. Feb. 17, 2009) ("Under Rule 30(a)(1), a party may take the deposition of any other party."). Further, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DeSilva v. Allergan USA, Inc.*, No. 19-1606, 2020 WL 5947621, at *2 (C.D. Cal. Aug. 11, 2020) (citation omitted). Because a party seeking to prevent a deposition carries a heavy burden to show why it should be denied, "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotations and citations omitted).

The Court here finds that Plaintiff has failed to carry this burden. Plaintiff consistently failed to provide dates for his deposition, despite repeated requests for same by Siemens. Plaintiff cannot now argue that Siemens' request is untimely when he himself cause the delay. Moreover, Plaintiff is the one who instigated this litigation and, as such, must participate fully therein. Finally, the Court finds Plaintiff's argument that the fault here lies with Siemens because it failed to unilaterally notice Plaintiff's deposition is without merit. The Court will not here set precedent for requiring unilateral deposition notices be issued, a practice the Court finds completely unnecessary. The provision of dates a party is available for deposition is both a common courtesy and a common practice in litigation, one the Court strongly feels should continue.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Plaintiff's Deposition (R. Doc. 19), filed by Siemens Generation Services Company, is **GRANTED. Within five (5) days** of the date of this

Order, Plaintiff is instructed to provide no less than three (3) available dates on or before August 15, 2022, on which Siemens can take his deposition. Once a date is agreed upon, Plaintiff is hereby **ordered to attend** his deposition.

Signed in Baton Rouge, Louisiana, on July 14, 2022.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**