UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY SULLIVAN                                                                                  CIVIL ACTION

VERSUS

SIEMENS GENERATION SERVICES                                       NO. 21-00479-BAJ-SDJ
COMPANY, ET AL.

## RULING AND ORDER

Plaintiff alleges retaliatory discharge against his former employer, Defendant Siemens Generation Services Company ("Siemens"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Louisiana Employment Discrimination Law (LEDL), La. R.S. § 23:301, *et seq.* (Doc. 1-1 at ¶ 2). Plaintiff's claim purportedly arises from a letter dated July 21, 2020—two months after this Court dismissed Plaintiff's *prior* lawsuit alleging race discrimination against Siemens[1]—in which Siemens notified Plaintiff's union that Plaintiff "would no longer be eligible for employment" due to having missed two consecutive days of work in February 2018. (Doc. 1-1 at ¶¶ 5-8). Plaintiff insists that it is "abundantly clear that the sole purpose of the July 21, 2020 letter … was to retaliate against [him] for the [prior] lawsuit," "[i]n light of the nearly 2 ½ year period of time that elapsed" between his unexcused absences and Siemens' disciplinary action. (*Id.* at ¶ 10).

Discovery has closed and a bench trial is set to begin on February 13, 2023. Now, Siemens moves for summary judgment, arguing that Plaintiff's claims are time-

---

[1] Plaintiff's prior lawsuit against Siemens was also adjudicated in this District, under the caption *Roy Sullivan v. Siemens Generation*, No. 18-cv-00748-JWD-SDJ.

1

barred because even if Plaintiff received written notice of his ineligibility in July 2020, Plaintiff *knew* that he was ineligible for further employment at Siemens as early as February 2018, more than three years before filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). (Doc. 26-1 at pp. 11-12). In support, Siemens cites Plaintiff's own deposition testimony, wherein Plaintiff repeatedly states that after his last (final) employment contract with Siemens terminated in October 2017, Siemens "put[] me on the blackball list, [and] wouldn't rehire me." (Doc. 26-3 at p. 28). Plaintiff opposes Siemens' motion. (Doc. 29).

The summary judgment standard is well-set: to prevail, Siemens must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff, the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, Plaintiff's evidence must be concrete: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (at summary judgment the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

A plaintiff seeking relief under Title VII must first exhaust his administrative remedies with the EEOC, which requires filing a timely charge of discrimination and

obtaining notice of a right to sue. *See* 42 U.S.C. § 2000e-5(e)-(f). In Louisiana a charge of discrimination is timely if it is submitted to the EEOC within 300 days of the alleged discriminatory conduct. *Conner v. Louisiana Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007). This Circuit's law is clear and consistent that "the limitations period starts running on the date the discriminatory *act* occurs." *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 257 (1980)); *accord Abels v. Braithwaite*, 832 F. App'x 335, 336 (5th Cir. 2020) ("This Circuit has consistently focused on the date that plaintiff knew of the discriminatory act." (quotation marks and alterations omitted)).

Here, Plaintiff's deposition testimony from his *first* lawsuit—taken November 15, 2019—establishes: (1) Plaintiff is a journeyman millwright and member of Louisiana Millwrights Local 729; (2) beginning in October 2012, Plaintiff performed multiple short-term union contracts for Siemens, at various Siemens' facilities in Louisiana and Texas, (Doc. 26-3 at pp. 18-23); (3) Siemens terminated Plaintiff from his last (final) contract on October 30, 2017, (*id.* at p. 10), allegedly replacing him with "John Mozilla" (the factual basis of Plaintiff's first lawsuit), (*id.* at p. 24); (4) after his termination, Plaintiff learned from David Bonds—Local 729's President— that Siemens put Plaintiff "on the blackball list" and "wasn't [sic] going to hire [him] anymore," (*id.* at p. 28); (4) initially, Plaintiff believed that he was "blackballed" for just one year, (*id.* at p. 29); and, yet, (5) "after a year passed" Plaintiff still had not "gotten any work" from Siemens, (*id.* at p. 30).

Plaintiff's deposition testimony from *this* lawsuit—taken August 12, 2022—

3

corroborates Plaintiff's November 2019 account, establishing: (1) Plaintiff learned in February 2018 that Siemens would not hire him back, and (2) Plaintiff initially believed that his suspension was for just one year, yet multiple years passed without any additional job opportunities from Siemens. (Doc. 26-4 at p. 25).

Viewing this evidence in the best possible light, the retaliatory discharge Plaintiff complains of occurred *at the latest* in February 2019, when Plaintiff's one-year suspension would have expired and Siemens did not hire him back. Plaintiff did not file his charge of discrimination with the EEOC until April 20, 2021, more than *two* years later. (Doc. 26-12). Plaintiff's Title VII claim is untimely and must be dismissed. *E.g.*, *Belton v. Geo Grp., Inc.*, No. 19-cv-00133, 2021 WL 926197, at *3 (W.D. La. Mar. 10, 2021) (Joseph, J.) (dismissing plaintiff's Title VII claim where plaintiff filed EEOC charge of discrimination 358 days after discharge), *aff'd*, 2021 WL 5832953 (5th Cir. Dec. 8, 2021).

Plaintiff's LEDL claim fares no better. Unlike Title VII, the LEDL does not require administrative exhaustion prior to filing suit. *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012). Still, *any* claim under the LEDL is "subject to a prescriptive period of one year," which is only suspended (for up to six months) "during the pendency of any administrative review or investigation of the claim conducted by [the EEOC] or the Louisiana Commission on Human Rights." La. R. S. § 23:303(D). The LEDL's prescriptive period runs from the date that "the conduct occurred/abated." *Jones v. City of Monroe*, No. 19-cv-00832, 2019 WL 5488603, at *10 (W.D. La. Oct. 8, 2019) (Hayes, M.J.). Here, as set forth above, the alleged retaliatory

4

discharge occurred, at the latest, in February 2019. More than two years passed without tolling before Plaintiff filed his charge with the EEOC. Plaintiff's LEDL claim is prescribed and must also be dismissed.[2] *E.g.*, *id.*

Plaintiff opposes this result, arguing that although he knew he was "blackballed" in February 2018—*i.e.*, even *before he filed his first lawsuit* (in August 2018)—Siemens' July 21, 2020 ineligibility letter was "an action of an entirely different scale and scope." (Doc. 29 at p. 4). Plaintiff cites no authority for this proposition, and it is contrary to the authorities cited above, which make clear that the limitations periods under both Title VII *and* the LEDL run from the discriminatory *act* in dispute. Here, the *act* in dispute is Plaintiff's ineligibility for work at Siemens, and the evidence establishes that as of February 2018 Plaintiff knew he was "blackballed" for one year, that as of February 2019 (and beyond) Siemens still refused to hire Plaintiff to any new contracts, and that despite Plaintiff's terminal ineligibility he failed to assert any claim of retaliatory discharge until April 2021, when he submitted his *second* charge of discrimination to the EEOC.[3]

Accordingly,

**IT IS ORDERED** that Siemens' **Motion For Summary Judgment (Doc.**

---

[2] Having determined that Plaintiff's action is untimely, the Court does not reach Siemens' alternative arguments that (1) Plaintiff cannot establish "a causal link between his [prior lawsuit] and the decision to make him ineligible for rehire," and (2) Siemens "has set forth a legitimate, non-retaliatory reason for its decision to make him eligible for rehire – [Plaintiff's] two straight 'No Shows.'" (Doc. 26-1 at pp. 12-17). Plainly, however, Plaintiff's testimony that he was "blackballed" in February 2018—*before* he even filed his original lawsuit in August 2018—creates a substantial hurdle to success on the merits of Plaintiff's retaliation claims.

[3] Plaintiff's first (July 31, 2018) EEOC charge of discrimination—the basis of his first lawsuit against Siemens—alleged only race and sex discrimination. (Doc. 26-6).

5

**26)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 9th day of January, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**